# SUPREME COURT

## BAKER agt. CURTISS.

Where the action is commenced by service of the summons without the complaint, and the plaintiff neglects to serve a copy of the complaint within twenty days after demand, it is proper for defendant to move to *dismiss the complaint.* If the motion is granted the action is discontinued or dismissed. The motion is founded on §274 of the Code.

After notice of such a motion is served, and a copy of the complaint subsequently served on the defendant, the latter is not bound to return it immediately or be deemed to have waived the right to make his motion.

*Erie Special Term, February* 1853. The action was commenced by the service of a summons the 22d December last: and

Baker agt. Curtis.

on the 11th day of January the defendant's attorney served notice of appearance and demanded a copy of the complaint.

February first, the defendant's attorney caused a copy of affidavit and notice of this motion to be served upon the plaintiff's attorney by leaving them in a conspicuous place in his office, in his absence. The same day, late in the afternoon, a copy of the complaint was served personally upon the defendant's attorney at his office. The defendant's attorney did not make any objection or explanation. He retained the copy complaint until the 16th February, the first day of the special term, when he returned it with a notice that it would be disregarded for the reason that it had not been served in time. The notice of the motion is that the complaint be dismissed for want of prosecution.

A. A. HOWARD, *for Defendant.*

GEO. W. HOUGHTON, *for Plaintiff*

MARVIN, Justice.—It is objected by the plaintiff that the Code does not authorize this motion (§ 274); that the motion should have been for judgment of discontinuance, under the 2d *R. S.* 350, § 25–26, which provisions of the Revised Statutes, it is claimed, are not repealed; and sections 469, 470, 471 of the Code, and the 90th rule are referred to. By section 274 of the Code, the court may dismiss the complaint with costs *in* favor of *one* or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, *or to* proceed in the cause against the *defendant* or defendants served. The motion was proper under this provision of the Code. A copy of the complaint must be served within twenty days after demand (*Code,* § 130). The defendant's attorney is not bound to accept a copy of the complaint after the time has elapsed (Mandeville vs. Winne, 5 *How. Pr. R.* 461). The statute has fixed the time within which the plaintiff must serve a copy of the complaint after demand, and if he fails to serve the copy in time, we must regard it in contemplation of section 274, as an unreasonable neglect to proceed in the cause against the defendant who has been served with the summons. and the motion may be, in the language of that section, to *dismiss* the complaint; though in point of fact, no complaint may have been made. If the motion

Baker agt. Curtiss.

is granted, the *action* will be discontinued or dismissed (see Colvin agt. Bragden, 5 *How. Pr. R.* 124).

A copy of the complaint was served personally upon the defendant's attorney the next day after the time for service had expired, and a few hours after the notice of this motion had been served by leaving the notice, &c., in the office of the plaintiff's attorney. He did not refuse to receive the copy complaint nor did he offer to return it until after the lapse of fifteen days, when, on the first day of the term, he returned the copy complaint with notice that he disregarded it. These facts appear from the opposing affidavits. The defendant's attorney has had no opportunity of explaining any of the facts to which they relate. They do not, however, show an express waiver by the defendant's attorney of this motion. But it is claimed that the doctrine of waiver should be applied. Had the copy complaint been served before the notice of the motion, and the attorney received it without objection, or if he had no opportunity to object, had retained it without giving notice that he should disregard it, I should not hesitate to apply the doctrine of waiver. Though the service may not be made in time, still it will be good if the attorney consents to accept the service. He may waive the right which the statute gives him of having a copy of the complaint served upon him within the twenty days, and when service is made, after the time, he should refuse to accept the service, or should return the complaint promptly, or at least give notice that he should disregard it, so that the plaintiff's attorney may be advised that he is not to rest in security upon the belief that service has been accepted, and so that he may take promptly the proper steps to be relieved; that is, permission to serve a copy of the complaint, notwithstanding the time for service has expired (see Wirts vs. Norton, 25 *Wend.* 699; 3 *Hill,* 476; 1 *How. S. T. R.* 240; 2 *id.* 146; 3 *id.* 64).

But should these principles be applied to the present case? The defendant's attorney had given notice of the motion before the copy complaint was served upon him, and it seems to me that the plaintiff's attorney should have ascertained clearly, under these circumstances, whether the defendant's attorney intended to accept the complaint absolutely, and waive his motion,

and there should have been an understanding as to costs. It appears that the defendant's attorney did not at the time the complaint was served, say any thing about the notice of this motion, which had been left in the office of the plaintiff's attorney a few hours before. It may well be that he supposed the plaintiff's attorney had seen the notice and that it was quite unnecessary for him to speak of it. It is stated in an opposing affidavit that he did not refuse to receive nor offer to return the complaint (at the time of service), but it does not appear how much time the party serving the paper spent in the office, or whether the defendant's attorney examined the paper and knew then that it was a copy of the complaint in this cause. I am clearly of the opinion that the facts disclosed do not show an express waiver of the right to pursue the motion. I should have been better satisfied with the practice of the defendant's attorney, if he had promptly returned the complaint, or given notice that he should disregard it, especially as he intended, as now appears, to hold the plaintiff to the strict requirement of the statute to serve a copy of the complaint within the twenty days.

Motion granted, with $5 costs of this motion, with leave to the plaintiff to serve a copy of the complaint within five days, upon payment of such costs.