## HIGLEY vs. LANT et al.

A nonsuit was ordered to be set aside, on condition of payment of costs by plaintiff. Afterwards, defendants stipulated in writing unconditionally, to try the cause on a certain day. *Held*, to be a waiver of the prior payment of costs awarded as a condition of setting aside the nonsuit.

A cause can be reviewed and determined in the Circuit Court on *certiorari*, or in this Court on writ of error, on errors of law only; not on conflicting testimony.

Error to Lapeer Circuit Court.

This was a suit upon contract originally brought before a Justice of the Peace.

The declaration was as follows: "The plaintiff complains of the defendants, for that heretofore, to wit, in the month of September, A. D. 1847, the said defendants, for a valuable consideration, bargained and agreed to and with the said plaintiff to take thirty-nine hides belonging to said plaintiff, and tan the same in a workmanlike manner, and for such purposes as they were suitable; all that were fit for harness, bridle or sole leather, to be tanned without shaving, and those fit only for upper leather to be shaved. Said hides to be tanned in a reasonable time, as soon as the spring following, and to give them an equal chance with their own.

"And the said plaintiff avers that the said defendants did not tan the said hides in a reasonable time, and not until long after the following spring, and did not give them an equal chance with their own hides; and also, the said defendants did not tan said hides in a proper manner, on the contrary greatly damaged and injured the same, &c., and claims damage, &c." Plea, general issue, and notice of set-off.

The cause was tried on the merits, and judgment for $25 damages rendered for the plaintiff. Defendants appealed to the County Court, where the cause was again tried on the merits, and a judgment for $30 damages rendered for the plaintiff. Defendants thereupon sued out a writ of *certiorari*

and removed the cause into the Circuit Court, where the judgment of the County Court was reversed. The cause came into this Court by writ of error.

*E. P. Harris*, for plaintiff in error.

—— ——, for defendants in error.

By the Court, PRATT, J.

This cause, as appears, was brought into the Court below by *certiorari* to the County Court, sued out by the defendants in error. The only grounds upon which an allegation of error was founded by them, in their affidavit for the allowance of the writ, were, first, "that the County Court erred in allowing the plaintiff to proceed with his action, without having first paid the costs on setting aside the nonsuit;" and secondly, "that the County Court erred in rendering a judgment on the merits for the plaintiff, &c."

These are the only grounds of error alleged, and upon them the case must have been decided by the Circuit Court, as it could not have been properly decided on any other than those assigned in the affidavit; and upon these same grounds alone, the case must be reviewed and decided by this Court.

It appears by the record, that after the Justice's return to the appeal taken from his judgment, was filed in the County Court, the defendants gave notice of trial for the first day of the next term, on which day, the plaintiff not appearing, a judgment of nonsuit was entered in the cause, which was afterwards, on affidavits and motion, set aside on payment of costs. That subsequently the parties entered into a stipulation in writing, and placed the same on file, by which they unconditionally agreed to continue the cause until the first day of the next term, and then on that day try it. This was the day on which the Court allowed the plaintiff to proceed with the cause without first paying the costs awarded in setting aside the judgment of nonsuit. In doing this, the

'Court was correct. The defendants had the right to waive the prior payment of these costs, and by entering into the 'agreement to try the cause on that day, without any reservation whatever, did legally waive it. The stipulation was voluntarily entered into, and the parties were alike bound by it. The Court could neither annul or in any manner alter 'it, or relieve the parties, or either of them, temporarily or otherwise, from any of its terms or conditions. But this is not all, touching this assignment of error. It further appears by the record, that at the time of entering into the stipulation, the defendants proposed to waive the payment of these costs, if the plaintiff would give them new security for the payment of the costs in the suit; which was agreed to by the plaintiff, who accordingly procured William Hemingway and John S. Watkins, to enter into an agreement to that effect, the defendants acknowledging themselves satisfied with their pecuniary responsibility. In view of these facts, it is somewhat extraordinary that this first ground of error should have been incorporated into the case, as there is nothing for it to stand upon.

The second ground of error, that "the County Court erred in rendering a judgment on the merits in favor of the plaintiff" is, in view of the conflicting testimony in the case, equally novel as the first. It constitutes an allegation of error in fact, and not in law. It is the allegation of an error which can only be determined in this case by reviewing, weighing and balancing the conflicting testimony of all the witnesses introduced and examined by the respective parties on the trial of the cause in the County Court. And this cannot be done, either by the Circuit Court on *certiorari*, or by this Court on *error*. To do so would be neither more nor less than trying the cause over on conflicting testimony, first in the Circuit Court, and secondly in this Court, and if this can be done on error in this case, it follows as a necessary and legal consequence, that it can be done in every other case.

But discussion is unnecessary; the principle is too well settled in this, as well as in other States, to require it. That the testimony in the case is conflicting as well in relation to the damages having been included in the settlement for the tanning, as on every other point litigated in the cause, will clearly appear by an inspection of the record.

The particular ground upon which the judgment rendered by the County Court in the cause, was reversed by the Circuit Court, of course does not appear. But after a full and thorough examination of the record returned to this Court, no substantial error in law, either in the proceedings or judgment of the County Court, which could have in the least affected the merits of the controversy, can be discovered. The judgment of the Circuit Court therefore, must be reversed, and that of the County Court affirmed, with costs.