CHARLES McWILLIAMS, Respondent, *v.* ADOLPH HERSCHMAN, Appellant.

5   263
6    26
11  381
16   71
20   48
14* 587

New Trial—Specification of "Errors in Law." Where a motion for new trial was made upon the sole ground of "errors in law occurring at the trial," and the statement contained no specification of the particular errors relied on: *Held*, that the granting of a new trial was error.

Defective Statements on New Trial. A statement on motion for new trial on the sole ground of errors in law, which contains no specification of particular errors, as required by section one hundred and ninety-seven of the Practice Act, is virtually no statement; and a Court has no more right to grant a new trial on such a statement than if there were no statement at all.

Waiver of Errors to be Shown by Party Claiming Waiver. It is incumbent upon a party who wishes to avoid the consequence of error in legal proceedings upon the ground of waiver by the opposite party, to show such waiver —not upon the party insisting on the error to establish that he did not waive it.

McWilliams *v.* Herschman.

POINTS INVOLVED ON APPEAL FROM NEW TRIAL ORDER. All points which could be urged in the Court below on a motion for a new trial either for or against it, including objections to the statement, may be raised on appeal from the order granting or refusing it without any further statement.

APPEAL from the District Court of the First Judicial District, Storey County.

The plaintiff alleged in his complaint that he had loaned defendant three thousand dollars, of which defendant had paid him three hundred dollars; and he demanded judgment for two thousand seven hundred dollars. Defendant in his answer set up that in playing a game of chance with plaintiff, he had borrowed of him some three hundred dollars to stake on the game; that he lost and paid; and that then they " played for stakes without the money up," at the same time denying any other borrowing.

*Williams & Bixler* for Appellant, claimed that a new trial could not be granted on the ground of errors in law, where the statement omitted to specify the errors relied on; and cited section one hundred and ninety-seven of the Practice Act and *Lobdell* v. *Hall*, (3 Nev. 522).

*R. H. Taylor*, for Respondent.

The objection, for want of specification of errors in statement on motion for new trial, is not tenable, because no such objection was taken in the Court below. (*Howard* v. *Harmon*, 5 Cal. 78; *Stoddard* v. *Treadwell*, 29 Cal. 281; *Quivey* v. *Gambert*, 32 Cal. 304.)

[The respective counsel cited many cases *pro* and *con* on the subject of gaming contracts and money loaned for the purposes of gaming; but as the Court did not pass upon the subject, they are omitted.]

By the Court, LEWIS, C. J. :

The trial in this case resulted in a verdict in favor of the defendant, whereupon the plaintiff gave notice of motion for new trial

McWilliams *v.* Herschman.

to be made upon the sole ground of errors in law occurring at the trial. A statement to be used on such motion was prepared and filed within the proper time, but the only assignment of error was as stated in the notice, " error in law occurring at the trial," unaccompanied by any particular specifications as required by the Practice Act. Upon this statement, the Court below granted a new trial. From the order so made the defendant appeals, contending: First, that the statement should have been disregarded, and consequently the new trial refused, as there was nothing before the Court upon which it could be granted. This proposition is based upon that provision of section one hundred and ninety-seven of the Practice Act which declares that when the notice of motion for new trial designates, as the ground upon which the motion will be made, errors in law occurring at the trial and excepted to by the moving party, " the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded."

There was not in this case an attempt even to specify the errors upon which the moving party intended to rely, and still it appears that the statement was acted upon in the Court below, and that the new trial was granted upon it. By the clear and unmistakable language of the section referred to, it was the duty of the Court below to disregard the statement thus deficient; and as there was no pretense of any grounds for new trial except such as were presented in the statement, the order granting it was unauthorized and erroneous. To avoid this consequence, however, it is argued by the respondent that as no objection to a consideration of the statement was made in the Court below, the appellant must be deemed to have waived it, and therefore it cannot be raised in this Court.

But in answer to this it may be said, it does not appear from the record here whether any such objection was interposed in the Court below or not. Nor indeed could it be brought to the attention of this Court upon an appeal of this kind. The section already referred to further declares that " The affidavits and counter-affidavits, or the statement thus used in connection with such pleadings, depositions, documentary evidence on file, testimony taken by a reporter, and minutes of the Court, as are read or referred to on the

18

hearing, shall constitute, without further statement, the papers to be used on appeal from the order granting or refusing the new trial."

Upon an appeal, then, from such order, any objection or motion which might be made by the opposing party respecting the record could not be brought to this Court. This informality or defect in the statement was undoubtedly a good ground for denying the motion. Had the Court discovered it before the order was made it could have placed its denial upon the sole ground that there was no such statement before it as could legally be considered. The only ground then upon which it could be claimed that this objection cannot be raised in this Court, is, that it was waived by the appellant in the Court below. There is, however, nothing in the record before us to warrant the conclusion that it was waived. For aught that appears here, the objection was made at the proper time. It will not be claimed that it is incumbent on the appellant here to show that he did not waive the objection. It is always the duty of the person wishing to avoid the consequence of error in legal proceedings, upon the ground of waiver by the opposite party, to show such waiver, and not upon the person insisting on it to establish the negative.

The record presented to us clearly shows that the statement on motion for new trial should have been disregarded by the Court below, and that instead of so doing it granted a new trial upon the showing made by it. It is thus made to appear that the Court erred in making the order. If the appellant in any way waived his right to insist upon such error, it is the duty of the respondent to show such waiver; otherwise, it is available here as in the Court below. Let it be supposed that in a case where the errors relied on were such as would only be presented by a statement, and no statement were filed, but still a new trial is granted : surely, nothing further would be necessary for the party opposing such motion than to make the showing to this Court that the order was made without a statement. It would not be necessary for him to show further that he objected to the hearing of the motion, or in any way excepted to the action of the Court. So here the statement, until the errors to be relied on are properly specified, is virtually no

statement, for the law makes it the duty of the Courts to disregard it.    Hence, when it is shown that instead of granting the new trial without any statement whatever, it was granted on one which the law declares shall be disregarded, what more is necessary to be done by the appellant?    The Court has no more right to grant a new trial upon a statement defective as this is, than it has when there is no statement at all.    The party opposing the motion could as well waive an entire statement as any essential part of it; and, as it would not be necessary for him to show that he did not waive the statement, where none was made out, so it is likewise unnecessary for him to show that he did not waive a material defect in a statement which may be filed or used.    Proof, or a showing of waiver, as has already been seen, would have to come from the other side.

Again: We know of no way by which an objection to the statement, or a motion to strike it out, could be brought to the attention of this Court, except by a separate statement on appeal; and it is very doubtful whether it could be brought here even in that way. But admitting it can, we think it quite clear such a course was never intended to be required by the Legislature.    The purpose evidently was to allow all points which could be urged in the Court below, either for or against the motion for new trial, to be raised on the appeal from the order granting or refusing it, without any further statement; otherwise, why are the statement and papers used on such motion made the record upon which the order is to be reviewed in the Appellate Court?    And why, as appears to be the case, is this Court confined to an investigation of the statement and papers used on such motion.    It is certain that no objection to the statement or motion to strike it out would come to this Court under the provisions of section one hundred and ninety-seven of the Act already quoted, upon a mere appeal from the order.    As a consequence, it either could not be brought here at all, or it must be presented in a separate statement, setting forth the fact that such objection or motion was made — a practice which seems to be entirely unauthorized, and evidently not contemplated by the Legislature.    And if not authorized, then the appellant would be entirely deprived of any advantage from such objection or motion, even if it

were made, because he would be entirely unable to present it to the Court.

These considerations have conducted us to the conclusion that it was the duty of the Court below to disregard the statement, and refuse a new trial. The order granting it was therefore erroneous, and must be set aside.

It is so ordered.