White *v.* White.

EVALINE A. WHITE, Respondent, *v.* ALFRED G. WHITE, Appellant.

Appeal—Want of Authentication of Statement on New Trial. Papers purporting to be a statement and affidavits on motion for a new trial, if they are not authenticated or identified in the manner provided by statute, (Stats. 1869, 226) cannot be considered in the Supreme Court, and should be stricken out on motion made therefor.

Authentication of Statement on New Trial. Where a statement on motion for new trial is not authenticated in the mode prescribed by statute, it is a good ground for denying the motion.

PRESUMPTION AGAINST WAIVER OF ERRORS. It is always the duty of the person wishing to avoid the consequences of 'error in legal proceedings, upon the ground of waiver by the opposite party, to show such waiver, and not of the person insisting on the error to establish that it was not waived.

ISSUES ON APPEAL FROM NEW TRIAL ORDER. The purpose of the legislative provisions in relation to appeals from orders on motions for new trials, is to allow all points which could be urged in the Court below, either for or against the motion for new trial, to be raised on the appeal from the order granting or refusing it, without any further statement.

NAMING A PAPER NOT INDORSING ITS CORRECTNESS AS SUCH. A stipulation reciting the papers by name which the transcript on appeal shou.ıd contain, and among others the "Statement on New Trial," is not a waiver of objections that the paper purporting to be such statement is not properly authenticated, and therefore not a statement.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The action was for divorce. Judgment was rendered November 23d, 1869, in favor of the plaintiff for a dissolution of the marriage, for one-half of the common property, and for costs. A notice of motion for new trial was served on November 24th, 1869, and a proposed statement filed on December 1st, 1869. On March 1st, 1870, the motion ·for new trial was denied, on the· ground in part that there was no properly authenticated statement, it being neither settled, nor agreed to, nor containing any certificate of the clerk that no amendments had been filed. On April 4th, 1870, after the denial of the motion for a new trial, the clerk of the Court below attached a certificate to the paper to the effect that no amendments had ever been proposed to it or filed.

The defendant having appealed, the plaintiff moved to strike out from the transcript on appeal the papers purporting to be a statement on motion for new trial.

*T. W. W. Davies*, for the Motion.

I.   In order for a statement to be considered by the appellate Court, it must be authenticated as required by law. When agreed to by parties, it must be accompanied with the certificate of agreement; when not agreed to, and submitted to the Court for settlement, it must be accompanied with the Judge's certificate of settle-

White v. White.

ment; if not amended in the time allowed, it must be accompanied with the certificate of the clerk that no amendments to the statement have been proposed, in order to show that the proposed statement has been impliedly agreed to.

II.    It is urged that it is too late for us to object to the so-called statement, after arguing motion for new trial in the Court below. This view is untenable; and the more especially so as we urged, in the Court below, that the motion for new trial should be denied on the ground (among others) that the record called a statement was radically defective, being in no wise authenticated.    (*Lockwood* v. *Marsh*, 3 Nev. 138; *Cosgrove* v. *Johnson*, 30 Cal. 509; *Vilhac* v. *Biven*, 28 Cal. 409; *Kimball* v. *Semple*, 31 Cal. 657; *Doyle* v. *Seawell*, 12 Cal. 425; *Fee* v. *Starr & Grimshaw*, 13 Cal. 170; *Kavanaugh* v. *Maus*, 28 Cal. 261.)

III.    In signing a stipulation that the transcript on appeal shall consist of certain papers, we do not waive our right to object to such papers being considered by the appellate Court.    (*Cosgrove* v. *Johnson*, 30 Cal. 509; *Wall* v. *Preston*, 25 Cal. 59.)

IV.    In the absence of an authenticated statement, or of a stipulation showing what papers were read or referred to on the hearing of the motion for a new trial below, there is nothing to identify the "affidavits" as having been read or referred to on the hearing of the motion.    As to identification, the same may be said of the "minutes of the Court."    (Practice Act, Sec. 197; *Gordon* v. *Clark*, 22 Cal. 533; *Paine* v. *Linhill*, 10 Cal. 370; *Stone* v. *Stone*, 17 Cal. 513.)

V.    An authenticated record *purporting* to be a statement on motion for a new trial, may be stricken from the transcript on appeal, on motion.    (*Kimball* v. *Semple*, 31 Cal. 657.)

*R. M. Clarke*, against the Motion.

I.    Upon the hearing of the motion below, no point or suggestion was made that the statement was not properly authenticated.    The motion was set down for argument in open Court, argued upon the merits by counsel for both parties, and taken under advisement by

the Court, without reference to the absence of the clerk's certificate. It would be pressing presumption into absurdity and reason into folly, to hold the absence of the certificate at the submission of the motion fatal to appellant's case. The law will not permit a party to remain silent respecting a curable technical objection, until the defect is no longer remediable, and then avail himself of it. Nor will it permit a Court to cover gross and material error occurring at the trial, by assigning as reason for denying a new trial an objection that the record has not the clerk's certificate appended, when a suggestion of that fact, made upon the argument, must have resulted in removing the objection, and silencing the reason. The rule is universal, that a defect that can be supplied must be taken advantage of before opportunity has passed, or it will be waived.

II.   The Practice Act provides that "where no amendments have been filed, the statement shall be accompanied with the certificate of the clerk of that fact." Under this provision, we submit the certificate need not be appended or attached to the statement. If made in proper time, and of record, it is sufficient. It need not be appended to the statement, as it has no material office to perform below; it certifies a negative fact merely, which fact already appears, or rather, may be ascertained from inspecting the records. It performs no material office until it reaches this Court, and as the time when it shall be made is not prescribed, can it be ground for denying a motion for new trial, that it was not made before it could be of material purpose ?   The law abhors absurdities.

III.   We think it clear that the clerk's certificate is for the information of this Court, and may be appended at any time ; that, if otherwise, the omission is cured by the appearance and stipulation of parties. (*Dickinson* v. *Van Horn*, 9 Cal. 207 ; *Millard* v. *Halloway*, 2 Cal. 119 ; 28 Cal. 194 ; *Connor* v. *Morris*, 23 Cal. 447 ; *Redman* v. *Yountz*, 5 Cal. 148 ; *Gordon* v. *Clarke*, 22 Cal. 533.)

By the Court, WHITMAN, J. :

This appeal is from the order of the District Court denying appellant's motion for a new trial, and from the final judgment against

him.   A preliminary motion was made upon the hearing in this Court by respondent, to strike from the transcript the papers purporting to be a statement, affidavits used on motion for new trial, and minutes of the Court; because, there is no authentication or identification, as by statute provided, of all or any such papers.

The statute regulating motions for new trials provides for three cases touching statements, as follows:   *   *   " When the statement is agreed to, it shall be accompanied with the certificate either of the parties themselve sin fact, or their attorney, that the same has been agreed upon and is correct.   When settled by the Judge or referee, it shall be accompanied with his certificate, that the same has been allowed by him, and is correct.   When no amendments have been filed, the statement shall be accompanied with the certificate of the clerk of that fact."   The so-called statement in this transcript falls within neither of these categories.

With regard to affidavits used on motion for new trials, the statute provides:  " To identify the affidavits, it shall be sufficient for the Judge or clerk to indorse them at the time, as having been read or referred to on the hearing."   None of the affidavits copied in this transcript are so, or otherwise, indorsed.

With regard to the minutes of the Court used on motions for new trial, the statute provides:  " To identify any  *   *   * minutes of the Court read or referred to on the hearing, it shall be sufficient that the Judge designate them as having been read or referred to in his certificate, to be for that purpose by him made thereon." Here, there is no such certificate of identification.

The statute further provides that " the affidavits and counter-affidavits, or the statement thus used, (on motion for new trial) in connection with such pleadings, depositions, documentary evidence on file, testimony taken by a reporter, and minutes of the Court, as are read or referred to on the hearing, shall constitute without further statement the papers to be used on appeal from the order granting or refusing the new trial."   (Statutes of 1869, 226, Sec. 197.)   The papers under discussion may have been so used, but as the statement does not appear in any manner authenticated, nor the other papers in any wise identified as by statute provided, they cannot be considered by this Court, and should be stricken out on

the motion made, unless there be some further or other reason why they should be retained and considered, as urged by appellant.

He says that this objection comes too late ; that the defects being such as could have been readily cured by suggestion in the District Court, attention should have been called to them there ; and that by reason of neglect to do so, and the submission of the motion on its merits, and a stipulation as to the contents of the transcript which will be noticed hereafter, respondent should be deemed to have waived her objection.

The answer to all that portion of the argument, save as to the stipulation, is given upon a similar point by this Court, in the following language :  " It is argued by the respondent that as no objection to a consideration of the statement was made in the Court below, the appellant must be deemed to have waived it, and therefore it cannot be raised in this Court.   But in answer to this it may be said, it does not appear from the record here whether any such objection was interposed in the Court below or not, nor indeed could it be brought to the attention of this Court upon an appeal of this kind.   The section already referred to declares that " the affidavits and counter-affidavits," etc., (quoted as above).

" Upon an appeal then, from such order, any objection or motion which might be made by the opposing party, respecting the record, could not be brought to this Court.   This informality or defect in the statement is undoubtedly a good ground for denying the motion. Had the Court discovered it before the order was made, it could have placed its denial upon the sole ground that there was no such statement before it as could legally be considered.   The only ground then, upon which it can be claimed that this objection cannot be raised in this Court is, that it was waived by the appellant in the Court below.   There is, however, nothing in the record before us to warrant the conclusion that it was waived.   For aught that appears here, the objection was made at the proper time.   It will not be claimed that it is incumbent on the appellant here, to show that he did not waive the objection.   It is always the duty of the person wishing to avoid the consequence of error in legal proceedings, upon the ground of waiver by the opposite party, to show such waiver, and not upon the person insisting on it to establish the

negative. * * * If the appellant in any way waived his right to insist upon such error, it is the duty of the respondent to show such waiver; otherwise, it is available here, as in the Court below. * * *

"Again, we know of no way by which an objection to the statement, or a motion to strike it out, could be brought to the attention of this Court, except by a separate statement on appeal; and it is very doubtful whether it could be brought here, even in that way. But admitting that it can, we think it quite clear such a course was never intended to be required by the Legislature. The purpose evidently was to allow all points which could be urged in the Court below, either for or against the motion for new trial, to be raised on the appeal from the order granting or refusing it, without any further statement; otherwise, why are the statements and papers used on such motion made the record upon which the order is to be reviewed in the appellate Court? And why, as appears to be the case, is this Court confined to an investigation of the statement and papers used on such motion? It is certain that no objection to the statement, or motion to strike it out, would come to this Court, under the provisions of section one hundred and ninety-seven of the Act already quoted, upon a mere appeal from the order. As a consequence, it either could not be brought here at all, or it must be presented in a separate statement, setting forth the fact that such objection or motion was made; a practice which seems to be utterly unauthorized, and evidently not contemplated by the Legislature. And if not authorized, then the appellant would be entirely deprived of any advantage from such objection or motion, even if it were made, because he would be entirely unable to present it to the Court." * * * (*Mc Williams* v. *Hirshman,* 5 Nev. 263.)

This case falls within the rule just quoted, unless its situation is changed by virtue of the stipulation referred to. Here it is: "The transcript on appeal shall contain, 1st. Complaint; 2d. Answer; 3d. Findings; 4th. Judgment; 5th. Notice of Motion for New Trial; 6th. Stipulation for time to file Statement on Motion for New Trial; 7th. Statement on New Trial; 8th. Instructions of the Court; 9th. Order denying Motion for New Trial,

with the reasons of the Court for denying such motion; 10th. All Minutes of the Court; 11th. All other papers required by law to be certified upon appeal; 12th. Notice of Appeal; 13th. Undertaking on Appeal." It is nothing but a mere formal recital for the assistance of the clerk in making up the transcript, and in no wise indorses the correctness of any of the papers specified.

The motion of appellant must, therefore, be granted. Then the appeal stands from the final judgment, upon the judgment roll. It is not claimed, nor is it the fact, that any error appears therein. Therefore, the judgment of the District Court is affirmed.

JOHNSON, J., did not participate in the foregoing decision.