[No. 1,022.]

## THE IOWA MINING COMPANY, APPELLANT, v. THE BONANZA MINING COMPANY, RESPONDENT.

DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE—WHEN RIGHTS ARE WAIVED BY FILING A DEMURRER AND ANSWER.—Plaintiff, in an action to determine the question of the right of possession to certain mining ground for which the defendant had applied for a patent, failed to pros-

ecute its suit with reasonable diligence, by delay in serving the summons. Defendant made no motion to dismiss the case until after service of summons, and after it had appeared in the action, by attorneys, and filed a demurrer and an answer to plaintiff's complaint: *Held*, that, by raising the issues of law and fact, the defendant waived its right to move for a dismissal of the action upon the ground that the summons had not been served within a reasonable time.

Idem—Waiver of the Waiver to Dismiss.—When defendant moved to dismiss the case, the plaintiff consented to a hearing of the motion upon its merits: *Held*, that plaintiff by not moving to dismiss the defendant's motion, waived the irregularities and waiver of defendant.

Appeal from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*Elliott and Thomas*, for Appellant:

I. Even though the court should be of the opinion that there has been a want of diligence on the part of appellant in the prosecution of this action, yet now that it is at issue on the merits, on the calendar and ready to be set for trial, the respondent having neglected to make its motion to dismiss before it appeared in the action and before it was at issue, the court will say that it is too late now to entertain such motion, and that the case should now go on and be tried on its merits. No suit to determine the question of title to mining ground, after it is at issue, should be dismissed upon a mere technicality like that presented in this case. Indeed, it should not be dismissed at all, where it is at issue before the motion is made, and where the plaintiff is ready and desires to have it tried on its merits. A conclusive reply to such a motion as this is: "The case is at issue and the plaintiff is ready and desires to go on with the trial on the merits of the case." (*Reynolds* v. *Page*, 35 Cal. 301–302; *Grigsby* v. *Napa Co.*, 36 Id. 589; *Eldridge* v. *Kay*, 45 Id. 49.)

II. There is no law requiring the summons and complaint to be served within any specific time after comencing the action. After a defendant has been properly served with a summons and certified copy of the complaint in an action, it is incompetent for him to object that he was not

served sooner unless he can show some law requiring the service to be made prior to the time it was actually made.

*Lewis & Deal*, for Respondent:

The argument that respondent's negligence is excusable because the appellants delayed for such a length of time in making its motion to dismiss amounts to this, that the greater negligence a party has been guilty of, in prosecuting his action, the more excusable such negligence is. The appellant was not bound to take any notice of the action, until properly brought into court by service of process upon it. This was not done until nearly two years and a half after the action was commenced, and just as soon the appellant appeared, it prepared for the motion to dismiss. The answer was filed, it is true, but that was necessary to show that appellant had a meritorious defense to the action, and it was upon the answer, as well as upon the affidavits and other testimony, that the motion was granted.

By the Court, LEONARD, C. J.:

On the eleventh day of January, 1876, the respondent made application for a patent of the mineral land described in the complaint herein, and gave notice thereof according to law.

On the eleventh of March, 1876, appellant filed an adverse claim, and on the seventh of April following, commenced this action in the proper court to determine the question of the right of possession between appellant and respondent, by filing a complaint and issuing a summons, which, on the day of issuance, was placed in the hands of the sheriff of the county, but without directions as to service, and without payment of any fees. The summons remained in the sheriff's hands without service until the expiration of his term of office, when it was returned to the clerk of the court. On the twelfth of July, 1879, the same summons was placed in the hands of the then sheriff for service, and was served upon respondent September 4, 1879. On the eleventh of September following, respondent appeared by filing and serving a general demurrer to the com-

plaint, without reserving the right to move for a dismissal, and without notifying the court or appellant of its intention to do so. Thereafter, on the thirteenth of September, respondent withdrew its demurrer, with leave of the court to answer within fourteen days, and to move to dismiss the action for want of prosecution with reasonable diligence; and, at the same time, appellant's attorneys were notified verbally, in open court, by the attorneys of respondent, that the latter would move the court to dismiss the action for the reason above stated. On the twenty-fifth of September, 1879, respondent, by its attorneys, filed and served its answer to the complaint, and denied all the material allegations therein contained. In the answer there was no reservation of the right to move for dismissal. On the first of October, 1879, upon the affidavit of one of respondent's attorneys, the court shortened the time of notice of motion to dismiss, so that the same could be heard on the fourth of October. In said affidavit it was averred that, "said action is at issue, the said defendant having heretofore filed an answer herein, denying all the material allegations of the complaint in said action; that the parties to this action have, under the practice adopted by this court, the right to have said cause set down for trial next Monday, the sixth day of October, 1879, for some day during the October term of said court; that said defendant intends to move said court to dismiss said action for want of a prosecution thereof with reasonable diligence, and has not been able to procure the affidavits upon which to base said motion until this day."

On the same day, October 1, respondent filed and served a notice of motion to dismiss, to the effect, that on the fourth day of October, 1879, it would so move the court, upon the ground stated, and that said motion would be made "on the complaint herein, summons, and sheriff's return thereon, answer, records of the court in said cause, and the affidavits hereto annexed."

On the eighteenth of October following, the motion was heard, both parties being present by their attorneys; and on November 1, 1879, the court "ordered and adjudged,

that the action be dismissed for want of prosecution with reasonable diligence by plaintiff; that plaintiff take nothing thereby, and that defendant have and recover of plaintiff its costs, taxed at twenty-one dollars and five cents."

On the fourth day of November, judgment was entered accordingly. This appeal is taken from the judgment, from an order denying the motion for a new trial, and from the order of dismissal. Appellant's third assignment of error is as follows: "Insufficiency of evidence to justify the decision and judgment of the court, in this: that said motion to dismiss for want of prosecution, with reasonable diligence, was not made until service of the summons in the action was had on the defendant, and a demurrer and an answer filed by the defendant therein. This action was at issue, on the calendar, and ready to be set for trial on the merits, before the motion to dismiss for want of reasonable diligence in the prosecution was made."

The question first presented for our consideration, then, is this: Conceding that appellant did not prosecute the action with reasonable diligence, as required by section 2326, Rev. Stats. U. S., and that the action ought to have been dismissed, if respondent had taken the proper steps therefor before demurring and answering, was it error to enter a judgment of dismissal under the circumstances de. tailed above? By raising issues of law or fact, or both, did respondent waive its right to move for a dismissal of the action? Respondent claimed the mining ground described in the complaint adversely to appellant, and under the statute above referred to it was required, "within thirty days after filing its adverse claim, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment." The same section also provided that "a failure so to do shall be a waiver of his adverse claim."

The court below held that the action had not been prosecuted with reasonable diligence, and, consequently, that the adverse claim had been waived. But did not respondent, by its action, waive appellant's waiver?

Section 333 of the civil practice act provides that, if the appellant shall omit to make a statement within twenty days after the entry of judgment, he shall be deemed to have waived his right thereto.   It can not be doubted under that statute, that a failure to make a statement on appeal within the time limited is as much a waiver of the right to make such statement at any time as, under the United States statute, a failure to prosecute this action with reasonable diligence was a waiver of appellant's adverse claim.

In *Johnson* v. *Wells, Fargo & Co.*, 6 Nev. 228, there was a statement on motion for new trial, and the appeal was taken from an order denying that motion and from the judgment., There was, in addition, a stipulation to this effect: "It is stipulated in the above action that the statement on motion for new trial herein, as on file and settled, shall be also the statement on appeal, and may be used and referred to with like effect as if the same had been duly filed and settled as a statement on appeal herein."   The stipulation was not made until *twenty-four* days after the order denying the motion for new trial, and the respondent objected to a consideration of the statement, because "no statement on appeal was filed or served within twenty days after the motion for new trial was overruled;" citing section 332 of the civil practice act, which provides that, "when the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall, within twenty days after the entry of such judgment or order, prepare such statement."

Inasmuch as the appeal had been taken from the order denying the motion for new trial, as well as from the judgment, the court held that, under section 197, the statement on motion for new trial might be used and treated as a statement on appeal.   But the court gave an additional reason why, in that case, the statement might be considered as a statement on appeal, as follows:

"If, however, there was any necessity for considering the statement in the record as a statement on appeal, distinct from its statutory office as a statement on new trial, the stiplation would allow it; for, although by failure to make the

statement within twenty days after the entry of the judgment, appellant would, in the absence of any agreement to the contrary, be held to have waived the same (Stat. 1869, sec. 333, p. 248), yet such waiver could be waived by the opposite party in any case; and has been so here, if there is any meaning or force in language."

The doctrine announced by the court in that case, in considering the effect of the stipulation alone, without the aid of the statute (section 197), applies with great force here. There the respondent did not agree to waive the laches of appellant, or what would have been such without section 197 of the practice act, but he did agree to what was inconsistent with the idea that he desired, or proposed, to take advantage of them. In the absence of section 197, the court say he might have treated appellant's failure to file and serve statement within twenty days as a waiver of the right to do so at all. But instead of proceeding thus, he agreed that the statement filed at the time stated should be the statement on appeal, and might be used as such. In other words, he waived the irregularity complained of, admitting it to be such. In this case, if without saving its right to move for a dismissal, respondent had agreed in writing that the cause should be tried according to the rules and practice of the court upon such issues of law and fact, or either, as it might raise, there would have been a waiver of all prior delay on the part of appellant in making service; and we are of opinion that filing and serving its general demurrer on the eleventh of September, three days before the expiration of the time allowed by law for appearing or otherwise proceeding in the action, and subsequently answering, as before stated, before moving or giving any legal notice of motion to dismiss, also constituted a waiver of delay in the prosecution of the action. When the general demurrer was filed and served there was no attempt to preserve the right to move a dismissal, and all that was ever done before answering was this: On the thirteenth of September, two days after the demurrer had been filed and served, the attorneys of respondent gave appellant's attorneys verbal notice in open court that respondent would

move to dismiss the action for reasons stated; and on the same day the demurrer was withdrawn fourteen days were granted in which to answer, and leave was given respondent to move to dismiss.  In relation to the verbal notice in open court, it is enough to say: 1. That it came too late, being two days after the filing and serving of the demurrer; 2. It was a case wherein written notice was required and verbal notice was nugatory.  (Civ. Pr. Act, secs. 491 *et seq.;* Pratt v. Rice, 7 Nev. 126.)

Under certain circumstances, nothing to the contrary appearing, we might presume, in support of the judgment, that legal notice was expressly waived when the verbal notice was given in open court; but here it is evident that there was not such waiver, because, subsequently, legal notice was given in accordance with an order of the court shortening the time therefor.

At the time of the notice given in court respondent did not know when it would make its motion, and the time had not been shortened.  Such being the case, respondent could not have given notice of any definite time when the motion would be made; and, as we understand the facts to be, the notice was to the effect simply, that respondent at some subsequent date would move to dismiss.  Although given in open court, that notice, without a sufficient waiver of written notice, was of no more consequence than it would have been if given upon the public streets.  It was purely gratuitous, and neither bound nor affected either party.

There is nothing before us to show that appellant waived written notice of motion to dismiss, and if such was the fact it is incumbent upon respondent to show it by the record.

In *White* v. *White,* 6 Nev. 25, respondent moved this court to strike the statement, etc., from the transcript, on the ground that there was no authentication or identification. The appellant replied that the objection came too late; that by failing to call the attention of the court below to the defects complained of, and arguing the motion for new trial on its merits, respondent waived her objection.  Quoting and adopting the language of the court in *McWilliams* v.

*Hirschman,* 5 Nev. 265, the court said: "The only ground, then, upon which it can be claimed that this objection can not be raised in this court·is, that it was waived by the appellant in the court below. There is, however, nothing in the record before us to warrant the conclusion that it was waived. For aught that appears here, the objection was made at the proper time. It will not be claimed that it is incumbent on the appellant here to show that he did not waive the objection. It is always the duty of the person wishing to avoid the consequence of error in legal proceedings, upon the ground of waiver by the opposite party, to show such waiver, and not upon the person insisting on it to establish the negative." So, in this case, conceding that it was error to dismiss the action, unless the right to move therefor was in some manner saved by respondent before filing and serving its answer, we think it incumbent upon respondent to show that written notice was waived by appellant, before it can claim the benefit of the verbal notice given in open court, as a saving act.

As before stated, after the demurrer was withdrawn, time for answering was given, and leave to move to dismiss granted, but no specified time in which to make the motion was stated; and if it is true, that respondent should have given notice of its intended motion before filing its answer, or in some other manner saved its right to so move, before answering, it is fair to presume that the court expected it would do so when additional time for answering was given.

Again, if, after demurring, respondent had the right to move for dimissal, there was no reason for obtaining leave of the court to do so, for the right was absolute without an order of the court, and getting leave did not restore the right, if that had once been waived by demurring; and if there had been no waiver, the granting of leave neither gave respondent any additional rights, nor excused it for answering before moving to dismiss, or in some manner saving the right to do so thereafter. In other words, answering as respondent did, was a complete waiver of previous delay, if the same act would have been so, had no leave to move for a dismissal been granted.

Counsel for respondent say it was necessary to file an answer before moving to dismiss, "in order to show that there was a meritorious defense to the action, and that it was upon the answer, as well as upon the affidavits and other testimony, that the motion was granted." Counsel are certainly in error. Under the statute, if appellant did not prosecute the action with reasonable diligence, it waived its adverse claim, and upon showing unreasonable delay, respondent was entitled to a dismissal without the slightest allegation or proof of title or right of possession in itself. If appellant by its laches had waived its adverse claim, it had no right to maintain the action, even though respondent did not have the right of possession.

According to the rules of practice of the court below, after the answer was filed, it was the privilege of appellant to have the cause set for trial on the sixth day of October, 1879, for some day during the October term. Respondent knew that fact when it answered, and, we think, by answering, as well as demurring, without necessity, it consented that the cause might be tried upon the issues of law and fact thereby raised, in accordance with the rules and practice of the court.

Demurring and answering were tantamount to saying to the court and appellant that it was ready and willing to try those issues, and that it did not desire to take advantage of the irregularity subsequently made the ground of a motion to dismiss. They were challenges to trial notwithstanding the delay. The irregularity was waived. "An irregularity consists in the doing of some act at an unreasonable time, or in an improper manner, as in omitting to do something that is necessary for the due and orderly conduct of the suit. It may, therefore, properly be defined to be a want of adherence to some prescribed rule or mode of proceeding, and may arise in every stage of an action, from the service of the summons to the entry of satisfaction after judgment and execution. There is a marked, and in many respects, important and substantial distinction, between defects in practical proceedings, which constitute mere irregularities, or such as render the proceeding a total nullity

and altogether void. Where the proceeding adopted is that prescribed by the practice of the court, and the error is merely in the manner of conducting it, such an error is an irregularity, and may be waived by the laches or subsequent acts of the opposite party; but where the proceeding is altogether unwarranted, totally dissimilar to that which the law authorizes, then the proceeding is a nullity, and can not be made regular by any act of either party." (4 Waite's Prac. 629.) The failure to prosecute this action with reasonable diligence consisted entirely in an unwarrantable delay in obtaining service upon respondent; and being such, it was, we think, only an irregularity in the time of proceeding. If the statute provided that a summons should be served within one month or one year after issuance, and that a failure to make such service should be deemed a waiver of the claim set up in the complaint, service thereafter would be irregular, but nothing more; and if seasonably sought, relief could be had; but should a defendant appear generally and answer the allegations of the complaint, without any reservation of his right to move to dismiss, such action would undoubtedly be a waiver, and he would thereafter seek in vain to take advantage of the irregularity.

Filing an answer under such circumstances, would be taking a step in the cause, which from its nature, would assume the propriety of trying instead of dismissing it, and would be a waiver of any objections to going to trial upon the issues raised.

If, without service of summons, respondent had appeared and answered, denying all the material allegations of the complaint, and after so doing had moved to dismiss, there can be no doubt that the motion would have been too late. Its answer would have been a notice, voluntarily given, of a willingness to proceed with the trial. We are satisfied that the same result follows from demurring and answering, as was done in this case.

The following authorities sustain the conclusion arrived at upon this branch of the case: *Pearson* v. *Rawlings*, 1 East, 77, wherein Lord Kenyon said: "It is the universal practice

of the court, that where there has been an irregularity, if the party overlook it and take subsequent steps in the cause, he can not afterwards revert back to the irregularity and object to it." See, also, *D'Argent* v. *Vivant*, Id. 330; *Mayor etc.* v. *Lyons*, 24 How. Pr. 282; *Higley* v. *Lant et al.*, 3 Mich. 612; *Buel* v. *Dewey*, 22 How. Pr. 344: *Warren* v. *Glynn*, 37 N. H. 343; *Dale* v. *Radcliffe*, 25 Barb. 334; *Barber* v. *Hubbard*, 3 Code R. 171; *Baker* v. *Curtiss*, 7 How. Pr. 480; *Belt* v. *Blackburn*, 28 Md. 240; *Crull et al.* v. *Keener*, 18 Ill. 66; *Pryce* v. *Security Ins. Co.*, 29 Wis. 274; *Upper Miss. Trans. Co.*, v. *Whittaker*, 16 Id. 222; 4 *Waite's Prac.* 629 *et seq*.

But although we are satisfied that it would have been error to dismiss the action had appellant protected its legal rights after respondent's waiver of the delay in the service of summons, we are here met by another fact which justifies the order and judgment of the court.

The record shows that respondent, notwithstanding its waiver before the case was set for trial, did move to dismiss by filing and serving upon appellant's attorneys written notice of such motion. Service of the notice with affidavits attached was duly acknowledged. They were received without objection, and so far as the record shows, they were retained by appellant's attorneys.

The motion was heard on the eighteenth of October, 1879, "plaintiff and defendant appearing in open court and announcing themselves ready for said hearing." No application to dismiss the motion, because it came too late or for other reason, was made. Respondent, without objection, offered and read in evidence affidavits and documentary evidence in support of the motion, and appellant did the same in opposition thereto. The motion was argued by counsel on both sides and submitted to the court for its decision. Upon these facts, the principles enunciated in the first part of this opinion are equally applicable here. Although respondent had waived the delay in serving the summons, still the fact existed after as well as before demurring and answering, that the summons was not served until long after its issuance, and that the action had not

been prosecuted with reasonable diligence. If appellant was willing to have the motion heard and decided, or did not object thereto upon proper ground, it in turn waived respondent's waiver, and can not now object to an order and judgment of the court which are supported by the evidence submitted. The record does not merely fail to show that appellant objected in season to a consideration of the motion, but it shows affirmatively that it did not do so, and that it consented to a hearing of the motion upon its merits; thus waiving the previous irregularities of respondent. There is sufficient evidence to support the order and judgment, and they are affirmed.