[No. 2058]

J. L. RADOVICH, PETITIONER, v. WESTERN UNION TELEGRAPH COMPANY AND L. N. FRENCH, DISTRICT JUDGE, PRESIDING IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENTS.

1. COSTS—TAXATION—BILL OF COSTS—STRIKING OUT.
   The court has jurisdiction to strike from the files a cost bill not filed within the time allowed by law.

2. CERTIORARI—EXCEEDING JURISDICTION—BILL OF COSTS—STRIKING OUT.
   An erroneous order striking out a cost bill duly filed is in excess of the court's jurisdiction, and may be annulled on *certiorari*, especially as, if the error was not held jurisdictional, there would be no remedy where no appeal lies, although the mere lack of a remedy would not in itself require the error to be jurisdictional.

3. COSTS—TAXATION—BILL OF COSTS—SERVICE—"PROCESS."
   Under Rev. Laws, sec. 5387, providing that the party prevailing must deliver to the clerk a memorandum of the items of his costs, and serve a copy upon the adverse party, and section 5375, providing that where a party has an attorney the service of papers shall be upon the attorney, with certain exceptions, service of a cost bill should be made upon the attorneys for the adverse party, since their authority is not terminated so long as the amount of costs remains open to settlement, and service of the cost bill upon the resident agent of a foreign corporation was irregular, if not void, since under section 5024, requiring foreign corporations to keep in the state an agent upon whom all legal process may be served, only papers in the nature of process may be served upon the resident agent, and under section 5475, providing that, unless otherwise apparent from the context, the word "process" means a writ or summons issued in the course of judicial proceedings, the cost bill is not a process.

4. COSTS—TAXATION—BILL OF COSTS—SERVICE.
   Where plaintiff's bill of costs was filed, but no copy thereof was filed in the county clerk's office, there was no service on defendant's attorneys under Rev. Laws, sec. 5369, providing that where the party on whom the service is to be made does

Points decided

not reside at the county-seat, the service may be made by filing the papers to be served in the county clerk's office, even if that section applies, since under section 5387, requiring the party claiming costs to deliver a memorandum of the items of his costs to the clerk and serve a copy upon the adverse party, the paper required to be served was a copy of the cost bill.

5. COSTS—BILL OF COSTS—SERVICE—WAIVER.

Plaintiff's failure to serve a copy of his cost bill upon the defendant's attorneys was waived, where they moved to retax the costs, without questioning the service or reserving the right to so question it.

6. COSTS—TAXATION—MOTION TO RETAX.

A party who did not serve a copy of his cost bill on the attorneys for the adverse party, as required by law, could not attack a motion to retax the costs as not having been filed in time.

ON PETITION FOR REHEARING

7. COURTS—JURISDICTION—ORDERS OF DISMISSAL OR TO STRIKE.

When a cause or matter is properly before a court for determination upon the merits, an order to dismiss or to strike is an act in excess of jurisdiction.

8. APPEAL AND ERROR—PRACTICE ON APPEAL—QUESTIONS NOT RAISED BY COUNSEL.

The supreme court may consider and determine the merits of an appeal or proceeding upon questions other than those considered by counsel. But, where such questions suggest themselves to the court, the better practice would be to request counsel to consider the same and afford them opportunity to be heard thereon.

9. COSTS—SERVICE OF COST BILL—MOTION TO RETAX.

Where a cost bill is filed in time, the filing of a motion to retax, without reservation, is a waiver of any question of the regularity of service.

10. COSTS—MOTION TO RETAX—ORDER TO STRIKE—JURISDICTION.

Where a cost bill has been filed in time, and thereafter a motion to retax is made without reservation of any question of service, a subsequent order to strike because of defective service is in excess of jurisdiction.

11. WAIVER MAY BE WAIVED.

The party entitled to assert a waiver upon the part of the adverse party may himself waive such waiver.

12. APPEAL AND ERROR—PRESUMPTIONS IN FAVOR OF ORDER OF LOWER COURT—EXCEPTION TO RULE.

All presumptions are in favor of an order made by the court below where no reasons are given for the order, but this rule does not apply where the court below expressly bases its order upon an erroneous conception of fact or law.

ORIGINAL PROCEEDING. Action by J. L. Radovich against Western Union Telegraph Company. To review

an order of L. N. French, District Judge, presiding in the Second Judicial District, striking from the files his cost bill, the plaintiff brings *certiorari*. **Order annulled,** subject to further consideration upon other questions. **Rehearing denied.**

The facts sufficiently appear in the opinion.

*Mack & Green,* for Petitioner.

*Lewers & Henderson* and *Walter M. Kennedy,* for Respondent.

By the Court, NORCROSS, J.:

This is an original proceeding in *certiorari*, to review an order of the Second Judicial District Court, L. N. French, judge, presiding, striking from the files a cost bill filed on behalf of the plaintiff in an action on appeal from the justice's court in and for Reno township in which the petitioner, J. L. Radovich, is plaintiff and the Western Union Telegraph Company is defendant. The motion to strike the cost bill was granted by the judge of the lower court, upon the ground that there was no service thereof as required by law.

1, 2. Unquestionably, a court has jurisdiction to strike out a cost bill not filed within the time allowed by law, but whether an order, made upon motion duly noticed, striking out a cost bill duly filed, is in excess of jurisdiction so that the same may be annulled on *certiorari* is not so clear. We think the rights of parties will better be preserved by holding that an erroneous order, striking out papers properly filed, is an excess of jurisdiction. In cases in which a remedy by appeal does not lie, there is no way in which such an erroneous order could be corrected if it were not deemed to be jurisdictional. Of course, such an order should not be deemed jurisdictional simply because by so doing a remedy can be provided for correcting the error. Important rights may depend upon papers filed. If they have been filed in accordance with law, the power ought not to be held to lie in any court to

strike them from the files and thus destroy the basis of a right.

The record in this proceeding, certified up from the court below, shows that the case was tried by a jury on the 21st day of November, 1912, and verdict for the plaintiff returned, and that upon the same day judgment in pursuance of the verdict was entered. On the next day, November 22, plaintiff filed his cost bill, and on the same day served a copy thereof "personally upon George L. Morgan, the manager and agent for the service of papers of [on] the defendant in the State of Nevada"; that there was no service of a copy of such cost bill upon the attorneys who appeared in the action for the defendant; that on the 27th day of November following, defendant, through its attorneys, filed and served a motion to retax the costs by striking out certain items and reducing the amount of certain other items; that on the 4th day of December following, plaintiff, through his counsel, filed a notice of motion to strike the motion to retax upon the ground that the same was not filed in time, a copy of which was served the preceding 30th of November; that on the 7th day of December, defendant, through its counsel, filed and served a motion to strike out the cost bill upon the ground that the "said alleged cost bill was never served upon the defendant as required by the statute"; that on the 26th day of December defendant, by leave of court, filed an amendment to its motion to retax so as to include a motion to strike out the several items because of failure to serve the defendant with a copy of the bill as required by law; that on April 1, 1913, the order striking out the cost bill was entered and filed.

The affidavit of service attached to the original cost bill sets forth that C. E. Mack, one of the counsel for the plaintiff, "served the annexed cost bill * * * personally upon George L. Morgan, the manager and agent for the service of papers of [on] the defendant in the State of Nevada; * * * that the attorneys for the defendant, Messrs. Lewers & Henderson, are absent from Washoe County, Nevada, and have no office or residence in Washoe

County, Nevada, and for that reason the cost bill could not be served upon the attorneys for the defendant."

3. Section 445 of the civil practice act (Rev. Laws, 5387) provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve a copy upon the adverse party, within five days after the verdict or notice of decision * * * a memorandum of the items of his costs. * .* * Within three days after service of the memorandum, the adverse party may move the court, upon two days' notice, to retax and settle the costs, a copy of which motion shall be filed and served on the prevailing party claiming costs."

Section 433 of the civil practice act (Rev. Laws, 5375) provides that: "In all cases where a party has an attorney in the action or proceeding, the service of papers, when required, shall be upon the attorney instead of upon the party, except subpenas, or writs, and other processes issued in the suit, and of papers to bring him into contempt."

It is the contention of counsel for the petitioner that service of the cost bill could not be properly made upon the attorneys for the party against whom judgment is entered, for the reason that the entry of judgment terminated the authority of the attorneys to act. We may concede, for the purposes of this case, that when a judgment reaches such a finality that it cannot thereafter be affected, except by appeal, the authority of the attorneys for the losing party in the case may be deemed to be terminated; but as long as the judgment may be affected by a motion for new trial, motion to modify or to vacate, or the amount of costs to be inserted therein remains a matter open for settlement, we think the authority of counsel has not terminated. The affidavit of service attached to the cost bill contains a paragraph explanatory of the reason why the cost bill was not served upon the attorneys for the defendant in the action. It is manifest from this that counsel for the plaintiff considered counsel for defendant the proper

persons to serve if they had been residing or had an office in the county where the suit was tried. The resident agent of the foreign corporation, defendant, of course, is not the adverse party any more than its attorneys. Only such papers may be served upon such resident agent as are authorized by the statute. The only papers which may be served upon the resident agent are such as are in the nature of process. (Rev. Laws, 5024, 5375.) A cost bill cannot, we think, be regarded a process, as that term is used in the statute. (Rev. Laws, 5475, 5476.)

4. Section 427 of the civil practice act (Rev. Laws, 5369) provides how service may be made, and section 431 (Rev. Laws, 5373) provides how service may be made by mail. Section 427, *supra*, contains the following proviso: "That in all cases where the party on whom the service is to be made has no office, or does not reside at the county-seat where the action or proceeding is pending, the service may be made by filing the papers or notice to be served in the county clerk's office and the service shall be deemed complete at the expiration of ten days from the date of such filing." It has been contended that, even though service was not properly made upon the resident agent of the defendant corporation, the service was valid under the above proviso. This contention is without merit, for it is not claimed or shown that a copy of the cost bill, which is the paper required to be served, was filed in the county clerk's office, even conceding, without so deciding, that service upon defendant's attorneys could be made in this way.

5. We think it clear that the service should have been made upon the attorneys for the defendant, and that the service upon the agent, Morgan, was irregular, if not void. It does not follow, however, from the facts shown by the record, that defendant's motion to strike the cost bill should have been well taken. Defendant had previously moved to retax the costs, without questioning the service, and without reserving any right to so question

it. This, we· think, was a waiver of any question of service, and the subsequent motion to strike ought not to have been entertained. (*Johnson* v. *Wells Fargo Co.*, 6 Nev. 224, 3 Am. Rep. 245; *Iowa M. Co.* v. *Bonanza M. Co.*, 16 Nev. 64; *Smith* v. *Wells' Estate*, 29 Nev. 411; *Bliss* v. *Grayson*, 24 Nev. 422; *Botsford* v. *Van Riper*, 32 Nev. 214; *Burnham* v. *Hays*, 3 Cal. 115, 58 Am. Dec. 389; *State* v. *District Court*, 33 Mont. 529, 85· Pac. 367; *Naylor* v. *Adams*, 15 Cal. App. 353, 114 Pac. 997; *Hammer* v. *Downing*, 39 Or. 504, 528, 64 Pac. 651, ·65 Pac. 17, 990, 67 Pac. 30.)

6. Plaintiff, not having served his copy of the cost bill in the manner required by law, is not in position to question the filing of the motion to retax in time.

It is our conclusion that the order striking out the cost bill was in excess of the jurisdiction of the court and void, and that the motion to retax is properly before the court for determination.

The order under consideration is annulled.

### ON PETITION FOR REHEARING

By the Court, NORCROSS, J.:

Counsel for respondent in his petition for rehearing expresses the conviction that the decision in this case "foreshadows the breaking down of rules that have long been a part of our law." Coming from one whose standing at the bar entitles his expressions to great respect, we have carefully reviewed the opinion with the view of ascertaining whether therein is expressed any new, dangerous, or revolutionary rule.

7. The opinion comports with· the recent decision in *Floyd* v. *Sixth Judicial District Court* (No. 2070; see page 349 of this volume), in· which, in effect, we held that, when a cause or matter is properly before a court for determination upon the merits, an order to dismiss or to strike is an act in excess of jurisdiction. It is true, in so holding, we ceased to longer ·follow some precedents in this and other courts, but we were not without

illustrious precedents in making the change which we are convinced is abundantly supported both in reason and justice.

**8.** Before determining the questions involved in the case as affected by the doctrine of waiver, it would, doubtless, have been the better practice to have asked respective counsel to have considered that question, but it would, we think, be unfortunate if it were an inflexible rule that a court of last resort, in all cases, could only consider questions actually discussed in the briefs.

**9, 10.** There can be no question, we think, but that the filing of the motion to retax, without reservation, was a waiver of any question of irregularity of service. Unless the waiver itself was waived, the cost bill and the motion to retax were regularly before the court. Under these circumstances an order striking the cost bill was in excess of jurisdiction.

**11, 12.** It may be, as contended by counsel for the respondent, that the plaintiff in the court below waived the waiver, and that the case is within the rule laid down by this court in *Iowa M. Co.* v. *Bonanza M. Co.*, 16 Nev. 64. The record brought to this court, however, is silent upon the facts that would be controlling upon that point. If the court below had simply entered the order to strike, without stating any reason therefor, there might be ground for contention that all presumptions are in favor of the order, including a presumption that the waiver was waived. The court, however, expressly put its order upon the ground that there was no proper service of the cost bill, while the record before us discloses that defendant had waived service by the filing of a motion to retax.

The court below correctly decided that there had not been a proper service, but that question became immaterial when counsel filed his motion to retax, and could only again become material in the event that the plaintiff waived his right to assert a waiver upon the part of defendant, upon consideration of the motion to strike. (*Iowa M. Co.* v. *Bonanza M. Co., supra.*)

The order heretofore made annulling the order to strike will stand, but it is conditioned upon the power of the court below to reconsider the question submitted upon the motion to strike with reference to the questions of waiver.

Rehearing denied.