# SUPREME COURT.

BURTON G. MOSES, appellant, agt. JANSON HASBROUCK, GEORGE H. SHARPE, WILLIAM F. ROMER and THOMAS CORNELL, respondents.

*Undertaking on appeal is defective which is signed by two sureties, one of which is plaintiff — when not in the form prescribed by the Code — Code of Civil Procedure, sections 1326, 1327, 1334, 811, 1332.*

A party appealing cannot be one of the "two sureties" required by the Code of Civil Procedure.

An undertaking on appeal is fatally defective which is executed by only two persons, one of whom is the plaintiff and appellant.

Where the recital in the commencement of an undertaking on appeal to the court of appeals was : "Whereas, on a certain day in the supreme court the above named respondents recovered a judgment against the above named appellant for $192.11, on the appeal from the judgment and the order granting an extra allowance for costs, &c.," and the undertaking was that the persons named "undertake that the said appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $500 ; and do also undertake that, if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellant on the said appeal: "

*Held,* that security has only been given for the payment of the judgment recovered for the costs on the affirmance, and not for the original judgment which was affirmed at the general term.

*Held*, further, that, in the language of section 1332 of the Code of Civil Procedure, the undertaking is not "the same, as if the judgment or order, from which the appeal is taken, was to the same effect as the judgment or order affirmed," and is, therefore, defective.

*Ulster Special Term, April*, 1882.

MOTION by respondents to have an undertaking given by the appellant on appeal to the court of appeals declared insufficient.

*A. Schoonmaker*, *Wm. S. Kenyon* and *P. Cantine*, for respondents and motion.

*Wm. Lounsbury*, for appellant and opposed.

WESTBROOK, *J.*— The plaintiff by his action sought to make the defendants liable for certain claims which he professed to hold against the Rondout and Oswego Railroad Company. The right of recovery was resisted on various grounds, and the issues in the suit were referred to Charles H. Winfield as sole referee to hear and decide.

After a long and protracted hearing the referee made a report in favor of the defendants. An order having been made by this court that each of the defendants should have an extra allowance of $500, a judgment was entered on the 5th day of June, 1878, against the plaintiff for the costs of the action, each of the defendants recovering a separate amount for costs.

On appeal to the general term of this court, the judgment entered upon the report of the referee, and the order for the extra allowance were affirmed, with costs, and on the 23d day of November, 1881, the judgment roll upon such affirmance was filed, and another and a separate judgment docketed for $196.11 costs upon the said appeal.

Executions have been issued upon both judgments, and as the plaintiff professes to have appealed to the court of appeals

and to have given a proper undertaking to stay the sheriff, the defendants move to have such undertaking declared insufficient and the supposed appeal declared ineffectual. The motion is made upon two grounds, 1st. That the undertaking is executed by only two persons, one of whom is the plaintiff himself, and, therefore, it is not executed by " two sureties " as required by the Code, and 2d. That it does not in substance conform to the requirements of the Code. The points will be considered in the order just stated.

*First.* Is the undertaking defective by reason of the fact that it is executed by only two persons of whom the plaintiff is one?

The undertakings to be given upon the appeal are prescribed by sections 1326 and 1327 of the Code, and such undertakings (*sec.* 1334) "may be contained in the same instrument, or in different instruments at the option of the appellant," but " each undertaking  *  *  *  must be executed by at least two sureties, and must specify the residence of each surety therein." The question then plainly is : Can the plaintiff be one of the " two sureties" which the law requires? It is not free from difficulty, because, as to an instrument of this character, all persons executing it may be said to be " sureties," and in some cases a party may be accepted and often is accepted as his own security for the performance of an original promise. Whatever plausibility, however, this argument may, on its first presentation, possess in a case where there was no previous liability by a person executing the instrument, and which is created solely by such execution — and in a case in which it did not become important to decide the question (*Warren* agt. *Cohaley*), I was rather inclined to the opinion that on an order of arrest a plaintiff might be one of two sureties — yet a further examination of the provisions of the Code, and more deliberate reflection satisfy me that a party appealing from a judgment cannot be one of the " two sureties," which the statute requires to perfect the appeal, because,

Moses agt. Hasbrouck.

1st. The liability of the party appealing is already fixed by a judgment, and it is security for the payment of that judgment, and the costs and damages which may be recovered against him on the appeal, which the law requires. In other words, the liability of the party for the past being already declared by a judgment, and the remedy against him for future costs and damages, if recovered, being perfect, the "two sureties" are required as an additional indemnity or protection to the respondent. A person who makes an origi- nal contract or promise may, in one sense, be his own surety for its performance, but where a liability on his part already exists, and the law requires him to give security, it must mean the undertaking of others, for without it there is no security given. In conformity with this view is the definition by Bouvier, in his law dictionary, of the word "surety" which is as follows: "A person who binds himself for the payment of a sum of money, or for the performance of something else, for another, who is already bound for the same."

2d. The 811th section of the Code, which defines the mean- ing of the various provisions as to the execution of under- takings, shows that the sureties are persons other than the party who is required to give one. The whole framework of the section indicates this, and the reference to both — as for example, "he need not join with the sureties in the execution thereof unless the provisions require him to execute the same — maintains the distinction between them."

This objection — that the party appealing cannot be one of the "two sureties" required by the Code, is fatal to the undertaking, and the attempted appeal to the court of appeals is not "effectual for any purpose" (*Code*, *sec.* 1326).

*Second.* Is the undertaking in the form prescribed by the Code? The meaning of section 1327 of the Code, which prescribes the form of the undertaking, in its application to an appeal like the present, is defined by section 1332, and is as follows: "When the judgment or order from which an appeal is taken to the court of appeals, affirms a judgment or

order to the effect specified in either of the last five sections, the undertaking must be the same as if the judgment or order from which the appeal is so taken was to the same effect as the judgment or order so affirmed."

There can be no mistake as to the intent of this provision. It requires the undertaking to be in such a form that the payment of the judgment affirmed by the order, or judgment appealed to the court of appeals shall be secured. This is not only plain from the language of the section, which, as just stated, requires the undertaking to be " the same, as if the judgment or order, from which the appeal is so taken, was to the same effect as the judgment or order, affirmed;" that is to say, it must be in the same form as if the judgment appealed from did itself under a judgment similar to the one which it affirmed, but its object and meaning are unfolded in Mr. Throop's note to the section. In that note he states that he intends to carry out the decision in the court of appeals in *Hinckley* agt. *Kreitz et al* (55 *N. Y.*, 583), which was that the sureties upon an appeal to that court were primarily liable upon the original judgment, and became security to the sureties upon the undertaking given on appeal to the general term (*See pages* 590, 591 *of* 58 *N. Y.*). To accomplish the result which Mr. Throop says he intended, it is manifest that the undertaking given upon this appeal must be in such a form that the payment of the original judgment is assured thereby, provided such appeal result in an affirmance thereof. Does the undertaking profess to do this?

By the recital in the commencement of the instrument, which immediately follows the title of the action in which it is given, it is stated:

" *Whereas*, on the 30th day of November, 1881, in the supreme court, the above named respondents recovered a judgment against the above named appellant for one hundred and ninety-two dollars and eleven cents, on the appeal from the judgment and the order granting an extra allowance for costs, &c. In other words, it states that a judgment for a specific

sum of money has been recovered, which was for costs upon the affirmance on appeal of a previous judgment and order. Having declared this fact, and averred that " the above-named appellant being aggrieved thereby, intends to appeal therefrom to the court of appeals," therefore, the persons named, "undertake that the said appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding five hundred dollars; and do also undertake, that if the said judgment so appealed from, or any part thereof be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellant on the said appeal."

Looking at the recital in the beginning of the undertaking, which describes a judgment for costs, and the promise to pay " the said judgment," or a " part of such amount," in certain contingencies, it is obvious that security has only been given for the payment of the judgment recovered for the costs on the affirmance, and not for the original judgment which was affirmed at the general term. In short, to repeat again the language of section 1332, the undertaking is not " the same, as if the judgment or order, from which the appeal is taken, was to the same effect as the judgment or order affirmed."

The undertaking, given upon the appeal, must also be held defective upon this ground, and the relief sought by this motion must be granted.