# SECOND DEPARTMENT

AT

# GENERAL TERM,

## February, 1891.

59   173
128a 303

## SAMUEL McELROY, RESPONDENT, v. HENRY MUNFORD AND JOHN FRENCH, APPELLANTS.

*Undertaking on appeal to the Court of Appeals — the recovery thereon, limited to the amount of the judgment recited therein.*

An undertaking given upon an appeal to the Court of Appeals, from a judgment of affirmance at General Term of a judgment in favor of the plaintiff, after reciting the recovery of "a judgment against the Brooklyn Underground Railroad Company, the appellants, for the sum of $122.97, being costs of affirmance, and with interest thereon from that date," provided, "that the appellant will pay all costs and damages which may be awarded against it on said appeal, not exceeding five hundred dollars;" it also undertook that "if the said judgment so appealed from, or any part thereof, is affirmed or the appeal is dismissed, the appellant will pay the sum recovered, or directed to be paid by the judgment, or the part thereof, as to which judgment is affirmed."

The judgment of the General Term was subsequently affirmed by the Court of Appeals, with costs, and an action was brought upon the undertaking to recover the amount of the original judgment entered in the trial court, together with the subsequent judgments for costs at the General Term and in the Court of Appeals.

*Held*, that the sureties upon such undertaking were liable only for the amount of the judgment at the General Term, and of the judgment in the Court of Appeals, and not for the amount of the original judgment in favor of the plaintiff, as the undertaking recited the recovery of a judgment in the Supreme Court by the plaintiff against the defendant for $122.97, costs of affirmance, with interest, and did not recite the original judgment.

APPEAL by the defendants from a judgment of the Supreme Court entered in the office of the clerk of the county of Kings, on the 20th day of November, 1890, in favor of the plaintiff and against the defendants, for the sum of $4,693.34, damages and costs, with notice of an intention to review upon such appeal an order dated October 10, 1890, directing judgment against the defendants for the amount claimed in the complaint, with costs and an extra allowance of five per cent.

The action was brought against the defendants as sureties upon an undertaking, given upon an appeal to the court of appeals from a judgment of the Supreme Court entered in favor of the plaintiff.

Judgment was demanded for the recovery of the sum of $3,659 and interest from June 30, 1887, and $122.97, and interest from December 12, 1887, and $121.72, and interest from April 29, 1890

*Welton Percy*, for the appellants.

*T. C. Cronin*, for the respondent.

DYKMAN, J.:

The plaintiff in this action recovered a judgment against the Brooklyn Underground Railroad Company in the Supreme Court in June, 1887, for the sum of $3,659.08, which was affirmed in the General Term, and judgment was entered upon such affirmance for $122.97 costs.

Upon appeal to the Court of Appeals the following undertaking was executed by the defendants in this action:

"Whereas, on the twelfth day of December, 1887, in the New York Supreme Court, county of Kings, Samuel McElroy, the above-named respondent, recovered a judgment against the Brooklyn Underground Railroad Company, the appellants, for the sum of $122.97, being costs of affirmance, and with interest thereon from that date.

"And the said appellant, feeling aggrieved thereby, intends to appeal therefrom to the Court of Appeals.

"Now, therefore, we, Henry Munford, residing at No. 218 Quincy street, in the city of Brooklyn, and John French, residing at No. 469 Clinton avenue, in Brooklyn city, do hereby, pursuant to the statute in such case made and provided, jointly and severally under-

take that the appellant will pay all costs and damages which may be awarded against it on said appeal not exceeding five hundred dollars, and do also undertake that if the said judgment so appealed from, or any part thereof, is affirmed or the appeal is dismissed, the appellant will pay the sum recovered, or directed to be paid by the judgment or the part thereof as to which judgment is affirmed.

" Dated *December* 21, 1889.     " JOHN FRENCH.

" HENRY MUNFORD."

The judgment of the General Term was affirmed by the Court of Appeals, and a judgment was entered upon such affirmance for $121.72 for costs in that court in favor of the plaintiff against the defendants.

This action was commenced upon the undertaking so given upon the appeal to the Court of Appeals, and the plaintiff obtained a judgment for the amount of the original judgment, together with the subsequent judgments for costs on the appeals, and the defendants have now appealed from such judgment.

The question presented is, whether the plaintiff can hold these defendants, who were the sureties in the undertaking on the appeal to the Court of Appeals, for the amount of the original judgment in his favor, or only for the amount of the judgments of the General Term and the Court of Appeals.

As the order appealed from affirmed a judgment which directed and required the payment of a sum of money, the form of the undertaking on such appeal is prescribed by section 1332 of the Code of Civil Procedure as follows : " Where the judgment or order, from which an appeal is taken to the Court of Appeals, affirms a judgment or order, to the effect specified in either of the last five sections, the undertaking must be the same, as if the judgment or order from which the appeal is so taken was to the same effect as the judgment or order so affirmed."   That is, it must be in the same form as if the judgment appealed from rendered a judgment, or was a judgment similar to, or to the same effect as, the one which it affirmed.

The undertaking must be so drawn as to secure the payment of the judgment affirmed by the judgment from which the appeal is taken to the Court of Appeals, or, in other words, the sureties

in an undertaking upon an appeal to the Court of Appeals must be made liable for the payment of the original judgment, and such liability must be imposed by the terms of the instrument.

This undertaking, as we have already seen, recites the recovery of a judgment in the Supreme Court by the plaintiff against the Brooklyn Underground Railroad Company for $122.97, being costs of affirmance with interest, and the grievance of the defendant thereby, and its intention to appeal therefrom to the Court of Appeals; and that, therefore, the defendants, pursuant to the statute, undertake that the appellant will pay all costs and damages which may be awarded against it on such appeal, not exceeding five hundred dollars, and also undertake that if the said judgment, so appealed from, or any part thereof is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid, or the part thereof as to which judgment is affirmed.

There was but one judgment mentioned, which the defendants undertook to pay in the event of affirmance, and that was the judgment for costs of the General Term of $122.97, and there is no principle upon which their liability can be extended beyond the terms of the instrument which they signed. That instrument in no way mentions or refers to the original judgment, and they never undertook its payment. These views are in accordance with the expressions in the case of *Morss* v. *Husbrouck* (10 Abb. N. C., 407), and *Briggs* v. *Brown* (13 id., 481), and are not hostile to the case of *Goodwin* v. *Bunzl* (102 N. Y., 224).

The judgment should be reversed with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.