Dean v. Pritchard.

## J. W. DEAN, Appellant, v. W. L. PRITCHARD, Respondent.

IDENTIFICATION OF AFFIDAVITS USED ON MOTION FOR NEW TRIAL.—To entitle affidavits, used on motion for new trial, to be considered on appeal in the Supreme Court, they must be identified by indorsement of the judge or clerk, made "at the time" of use; and a certificate, made after appeal taken, will not avail.

NEW TRIAL ORDER REVERSED, IF NOT SUPPORTED.— On appeal from an order granting a new trial, if the affidavits upon which it was granted are not identified so as to entitle them to be considered, the order, having no foundation, will be reversed.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

This was an action to recover $6,275 50 for hay sold to defendant, boarding furnished defendant's hired man, and horse feed, with interest and costs. Defendant set up a counter claim, exceeding the amount demanded by plaintiff. There was a verdict and judgment in favor of plaintiff for $5,747 13, with interest and costs. Defendant moved for a new trial; and an order was made that if plaintiff would remit $3,605 of his judgment, the motion should be denied; but if not, a new trial should be granted. Plaintiff declined to remit, and appealed from the order.

The transcript contained a number of affidavits, which had been used on the motion for new trial. They appear to have been served on the opposite party and service was acknowledged; but there was no indorsement upon them of having been used on the motion.

*A. M. Hillhouse* and *W. H. Davenport*, for Appellant.

The order granting a new trial will be reversed, because there is nothing in the transcript to support it. The objection to the affidavits, is that they are not certified to or identified, as required by the Practice Act, as having been

used or referred to on motion for new trial. Practice Act,
Sec. 198; *Paine* v. *Linhill*, 10 Cal. 370; *Stone* v. *Stone*, 17
Cal. 513; *Gordon* v. *Clark*, 22 Cal. 533; *State* v. *Parsons*, 7
Nev. 57; *White* v. *White*, 6 Nev. 20. So far as this Court
can judge from the transcript, there may have been a half
dozen counter affidavits used. Appellant was required to
have none identified, so long as respondent did not; and
affidavits not identified, like a statement not certified to, are
worth nothing.

*Thornton, Bailey* and *Wren*, for Respondent.

The appellant objects to the affidavits upon the ground
that they are not identified as required by the Practice Act.
Is not a substantial compliance with the statute sufficient?
Respondent, in his specifications of error upon motion for a
new trial, "herewith tenders the affidavits of defendant and
Martin Packard," virtually making them part of the state-
ment. In his opinion on the motion, the judge refers to the
affidavits, and gives the substance of them. See 30 Cal.
359.

By the Court, WHITMAN, C. J,:

The order for a new trial, from which this appeal springs,
is based upon certain affidavits which are not identified as
having been used upon the motion, as by statute provided.
"To identify the affidavits, it shall be sufficient for the
judge or clerk to indorse them at the time as having been
read or referred to on the hearing." 1 Comp. Laws, 347.
Objection is made by appellant to the consideration of such
affidavits. To meet this objection, respondent offers a mem-
orandum of the district judge to the desired effect, but made
after the filing of the transcript in this Court. The identifi-

cation to follow the statute must be made '' at the time '' of use of affidavits ; one made after the case is in this Court cannot come within the meaning of that language by any construction, however elastic. So there are no affidavits shown to have been used on the hearing of the motion in the transcript ; consequently, no foundation for the order. *White* v. *White*, 6 Nev. 20. It is therefore reversed.