SARAH E. NICHOLS, Administratrix, etc., Respondent, *v.* CHARLES F. MACLEAN, Appellant.

The act of 1881 (Chap. 486, Laws of 1881), "to facilitate the giving of bonds required by law," does not repeal or affect the provision of the Code of Civil Procedure (§ 1334), requiring two sureties to an undertaking on an appeal to this court.

The appellant himself may not sign as surety.

It is not a ground for dismissal of appeal that the appellant has failed to notice the case for argument and place it on the calendar ; he is bound only to file the return and serve the printed cases ; if the respondent wishes to expedite it, he may notice.

(Argued March 3, 1885 ; decided March 10, 1885.)

THIS was a motion to dismiss an appeal because of a failure to give an undertaking as required by the Code of Civil Procedure (§ 1334), and because of a failure to notice the appeal for argument and put case on calendar.

An undertaking was given, signed by the appellant and the Fidelity and Casualty Company, with no other surety.

*John D. Townsend* for motion.

*Edward W. Crittenden* opposed.

RAPALLO, J.   The Code of Civil Procedure (§ 1334) requires that an undertaking on appeal to this court be executed by at least two sureties.   The appellant cannot himself sign as a surety.   (*Morss* v. *Hasbrouck*, 10 Abb. N. C. 407.)

The act of 1881 (chap. 486) does not repeal section 1334 of the Code, and is not inconsistent with it.   That act applies only to bonds or undertakings which are to be accepted or approved by a head of department, surrogate, judge, sheriff, district attorney, or other officer, and it merely authorizes any officer who is required to approve any such bond or undertaking, to accept and approve the same, in his discretion, when its conditions are guaranteed by a duly incorporated guaranty company.

The undertaking on appeal in this case is not one whose sufficiency is made to depend upon the approval of any judge or officer.   On the contrary, it does not even require approval (Code, § 1335), and the approval of a judge cannot be substituted for the two sureties required by law.   If it could, then the act of 1881 would be applicable and would authorize the judge to give the approval; but there is no law which declares either the approval of a judge or the guaranty by a corporation, equivalent to two sureties.   We, therefore, conclude that the undertaking before us, being executed only by the appellant and the Fidelity and Casualty Company, with no other surety, is insufficient.

The second ground upon which the motion to dismiss is founded (viz., want of prosecution) is untenable.   The appellant is bound only to file the return and serve the printed cases. The respondent, if he wishes to expedite the case, can himself put it upon the calendar and give notice of argument.

The motion to dismiss the appeal should be granted, unless

within thirty days the appellant files a proper undertaking and pays the costs of this motion.

All concur.

Ordered accordingly.