[No. 1550.]

MARIA P. HOPPIN, EXECUTRIX OF THE LAST WILL AND
TESTAMENT OF JOHN H. HOPPIN, DECEASED, RESPOND-
ENT, v. THE FIRST NATIONAL BANK OF WIN-
NEMUCCA, APPELLANT.

ATTORNEYS OF RECORD—WHAT SUFFICIENT TO CONSTITUTE.  In the absence
of any notice or order of substitution, where the record shows that
certain attorneys have been acting for a party all through the case,
except in the filing of the original answer, and have been recog-
nized as such by the court and the opposing counsel, it cannot be
said that they are not attorneys of record in the action.

PRACTICE ON APPEAL—EFFECT OF FAILURE TO ENDORSE AFFIDAVIT FOR
NEW TRIAL.  Affidavits in support of a motion for a new trial will
be stricken from the record where not shown by the endorsement
of the judge or clerk to have been read or referred to on the hear-
ing of the motion, as required by section 3217, subdivision 4, of the
General Statutes; and the requirement cannot be avoided by incor-
porating the affidavits in the body of the statement on motion for
new trial, since unauthorized.

MORTGAGE—FORECLOSURE—RELEASE OF JOINT MORTGAGOR.  In an action
to foreclose a mortgage executed by two persons, only one of whom
is made defendant together with a second mortgagee, where the
plaintiff admitted on the trial that the mortgagor, not made a
party to the action, a partner of the defendant mortgagor, had
made a deed to plaintiff of her entire interest in the mortgaged
premises in satisfaction of the mortgage, it was error, as against
the subsequent mortgagee of the property from the firm, to decree
a foreclosure against the interest of the defendant mortgagor for
the whole amount of the note and mortgage, since, if the admission
in terms of plaintiff were true, then plaintiff's mortage was dis-
charged and satisfied in toto, and the property was left primarily
subject to the subsequent mortgage.  But it was intended that the
conveyance so made should operate only as a satisfaction of the
amount due from the grantor, then, also, it was error to decree the
entire mortgage debt to be a primary lien upon the property as
against the defendant mortgagee, as no such sum was due upon
the note or the mortgage.

IDEM—RELEASE OF ONE JOINT OBLIGOR—LIABILITY OF OTHERS.  Under
the provisions of sections 4931–4933 of the General Statutes, the
conveyance of one joint mortgagor of her interests in the mortgaged
premises to the plaintiff in satisfaction of the mortgage would
operate as a release of her proportionate part of the mortgage debt.

APPEAL from the Second Judicial District Court, Humboldt
County; A. E. Cheney, Judge.

Action by Maria P. Hoppin, Executrix of the last will of
John H. Hoppin, deceased, against The First National Bank
of Winnemucca, and others, to foreclose a mortgage.  From

a decree for plaintiff and from an order denying a new trial, the bank appeals. Reversed.

The facts sufficiently appear in the opinion.

*R. M. Clarke* and *H. Warren,* for Appellant:

I.   The said defendant assigns as error the decree of the court against T. L. Hoppin for the whole sum specified in the note, and decreeing that the mortgage be foreclosed upon his interest in the lands. The note and mortgage were joint, and the comortgagor, Luella V. Hoppin, having conveyed to the plaintiff her entire interest (one-half) in the mortgaged property, in satisfaction of the mortgage, the mortgage became and was merged in the title thus conveyed. (Wiltsie on Mortgage Foreclosure, sec. 258, and cases cited.)

II.   Luella V. Hoppin, the joint mortgagor, having conveyed to plaintiff all interest in the mortgaged property in satisfaction of the mortgage, it became the duty of the mortgagee—the plaintiff's duty—to credit the mortgage debt with the value of the property conveyed. *(Boyd* v. *Jones,* 38 Am. St. Rep. 100; *Montague* v. *Seitz,* 34 Am. St. Rep. 736; *Hoy* v. *Branhall,* 97 Am. Dec. 687; *Webster* v. *Singly,* 53 Ala. 508; *Tennant* v. *Stoney,* 1 Rich. Eq. 222; *Andrews·* v. *O'Mahoney,* 112 N. Y. 507.)

III.   From these authorities it is clear the court erred in adjudging the whole mortgage debt to be a charge against the interest of T. L. Hoppin in the property described in the mortgage. The fact that T. L. Hoppin did not answer or defend in no way affects the right of this defendant to subject whatever interest T. L. Hoppin had in the land to its mortgage; and defendant was and is entitled to have the mortgage debt, at least, credited with the value of the lands sold or conveyed in satisfaction of the Hoppin mortgage to this plaintiff.

IV.   On the 17th day of May, 1897, the First National Bank, defendant, filed an amendment to the answer it had heretofore made to the original complaint. This amendment is verified by George S. Nixon, cashier of the bank, and is signed by Robert M. Clarke and H. Warren, as attorneys for the bank. On the 18th day of May, 1897, defendant, First National Bank, filed a second amended answer to the origi-

nal complaint. This second amendment of the answer is verified by George S. Nixon, cashier of the bank, and is signed by Robert M. Clarke and H. Warren, as attorneys for the bank. The attorney for respondents throughout the trial and all subsequent proceedings recognized and treated said Robert M. Clarke and said H. Warren as attorneys for defendant, First National Bank. The names of Robert M. Clarke and H. Warren as attorneys for appellant, First National Bank of Winnemucca, were signed to the pleadings, stipulations, motions, and all records after the filing of the original complaint, and that they were recognized as such attorneys by the court in its decree, and by the attorney for respondent in all proceedings during the trial and subsequent thereto. The names of Robert M. Clarke and H. Warren, as the attorneys for the First National Bank of Winnemucca, being signed to the amendments to the original answer of the appellant, it is presumed that they were such attorneys, and were duly authorized and empowered to act as such. (Weeks on Attorneys-at-Law; Ency. of Law, 2d ed., vol. 3, p. 375; *Roussin* v. *Stewart*, 33 Cal. 208.)

V. Signing the amendment to the original answer of the appellant, First National Bank, was an appearance by Robert M. Clarke and H. Warren for the bank for that purpose. (2 Ency. Pl. & Pr., p. 636, and cases cited in note 1.)

VI. By acknowledging the authority of Robert M. Clarke and H. Warren to appear and act as attorneys for appellant, First National Bank, and by stipulating with them, and accepting favors at their hands granted by them as attorneys for appellant, the respondent has acknowledged their authority and is, under the settled principles of law, estopped to question or deny it, and must be held to have waived the objection. (*Livermore* v. *Webb*, 56 Cal. 489.)

*D. S. Truman,* for Respondent:

I. The respondent here has made her motion: To strike out the statement on the motion for a new trial on the ground that the notice of motion was not given by the attorney of record of the defendant, the First National Bank, nor is there any statement in this case signed by the attorney of record of this defendant. W. S. Bonnifield, Esq., is the only

attorney of record of this defendant.   He entered the appearance of the said defendant by demurrer, which was overruled. He then filed this defendant's answer, which was signed by him as attorney for the bank.   Messrs. Clarke and Warren were attorneys for defendants E. Reinhart & Co., and some others, but not the bank.   At the time of trial Messrs. Clarke & Warren conducted the active defense of all of the defendants, including the defendant bank, appellant here.   W. S. Bonnifield had not been superseded nor retired, in any manner, from the case.   No notice of substitution has ever been given to respondent here—in fact, none was ever made or had.   As against our contention, counsel here for the bank set up in this court the only answer they could make, and that was that the plaintiff had waived this matter because they had appeared at the trial, also signed papers in the suit, and had become also attorneys of record in the case, but in this contention counsel are not borne out by the law and authorities, which are numerous, and against counsel's contention.   This same question has often been raised in California, from which state our statutes relative to attorneys, has been copied and adopted, and the case of *Prescott* v. *Salthouse* is directly in point and on all fours with the case at bar.   (*Prescott* v. *Salthouse*, 53 Cal. 221.)

II.   In the case at bar there were even no orders entering Messrs. Clarke & Warren as associate counsel.   Neither did they sign the notice or statement as " being associated with other attorneys, to wit:   W. S. Bonnifield, Esq."   In *Whittle* v. *Renner*, 55 Cal. 395, the same showing was made that is attempted to be made here.   It was a motion to dismiss the appeal.   In stating the facts of the case it is shown "that there appears upon  the answer, and upon the notice of intention to move for a new trial, and upon the statement, an acknowledgment of service, signed ' Edwin Shearer, attorney for the plaintiff,' and the findings and judgment recite, that E. Shearer appeared as counsel for the plaintiff"; but the court in rendering the opinion says:   " T. A. Bantz was the attorney of record, and the notice was served upon E. Shearer."   There was no substitution of Shearer in place of Bantz, and the motion to dismiss the appeal was granted. The question came before the same court in another form in

the case of *Mott* v. *Foster*, 45 Cal. 72. The attorney of one of the parties was absent from home, and the other side obtained a stipulation from the other party to the suit, personally, extending the time to file a statement on the motion for a new trial. In the supreme court a motion was made to strike out the statement on the ground that it was not filed within the time required by law, or order of court or stipulation of anyone having authority. The court unhesitatingly granted the motion, and affirmed the judgment of the lower court. To the same point is the late case of *McMahon* v. *Thomas*, 46 Pac. Rep. 732, which case reviews the matter fully and sustains our position here. The same ruling is made in *Hobbs* v. *Duff*, 43 Cal. 485; *Com.* v. *Younger*, 29 Cal. 147; *Willson* v. *Cleveland*, 30 Cal. 192; *Bogert* v. *Bancroft*, 3 Caines, 127; *Jerone* v. *Boreman*, 1 Wend. 293; Gen. Stats. 2539–2541.

III. The respondent also moves to strike out the affidavits which appear in the record on motion for new trial, if the court, by any manner of means, decides that the statement should not be struck from the record, and the motion is based upon the ground that the affidavits are not endorsed as having been read or used upon the hearing of the motion as required by law. The affidavits, as a matter of fact, were never read or used, at the hearing at all. (See minutes of the court on motion.) They were never presented to the court at all, but the law is clear on that point. We were amply fortified with counter affidavits, which fully showed the untruthfulness of those submitted by appellant, but those of appellant not being used or referred to at all at the hearing, we have not had the same made a portion of the record here, nor were they used any more than these were, but just in the same way, viz.: they are on file in the case. The matter is *res judicata* in this court. (9 Nev. 232; 19 Nev. 225; 7 Nev. 27.)

IV. As to the position taken here by the defendant, that the court erred in decreeing the mortgage to be a charge against all of the interest of T. L. Hoppin in the lands: The estate was fully settled by the lower court and the legal presumption is that all prior claims against the estate of H. L. Hoppin, and of the partnership of Hoppin Bros., had been

fully settled and paid, and that the distributive portions received by Thad and Luella Hoppin were residuary shares, of else the court would not have attempted to distribute property that was partnership property. The Hon. M. S. Bonnifield, of this court, was an attorney in this estate matter, so the record shows; he also, so Mr. Nixon says, was the attorney for the bank who told him that the title of the property was all right before the bank made its loan to Thad and his mother. It was the real estate belonging, first, to the father, which, upon his demise, was controlled by John Hoppin, as surviving partner of the firm of Hoppin Bros., until the decree of distribution was made, but during the time it still belonged to the heirs of Henry Hoppin, subject, of course, to the payment of the debts of the firm, and that the court had legal evidence that the debts were either paid in full, or the creditors satisfied, must be held by this court upon the showing that the decree was rendered, because this court will presume that the lower court regularly pursued its authority in arriving at the conclusion that the decree was rendered, and that no appeal, or other objection, was ever made to it. The only other right in the property which could obtain against the heirs was the right of the executor or administrator to first apply the property remaining after the settlement of firm obligations to the individual debts of Henry Hoppin, if there were any such, otherwise the property real immediately vested in the heirs at the time of the death of Henry Hoppin. Thad owned his interest in the land then all of the time, and it can make no possible difference that the decree of distribution was not made until 1892. This was not an after acquired title. (*Gossage* v. *Crown Point Co.*, 14 Nev. 153.)

By the Court, BELKNAP, J.:

The respondent, at the proper time, interposed a motion to discharge from the record the statement on motion for a new trial, assigning as a reason therefor that the notice of motion for a new trial was not given by the attorney of record of the appellant. The record discloses the fact that the original answer of the appellant was signed by W. S. Bonnifield, Esq, as its attorney. Thereafter the appellant filed certain amendments to its answer, signed by Robert M. Clarke and

H. Warren, Esqs., as its attorneys. The decree recites that Clarke and Warren appeared as the attorneys for appellant. The notice of motion for new trial and the statement on motion for a new trial were signed by Clark and Warren as the attorneys for the appellant, and stipulations were entered into by and between the respondent's attorney and Clarke and Warren as the attorneys for the appellant, respecting the suit. In the absence of any notice or order of substitution, where the record discloses the fact that certain attorneys have been acting for a party all through the case, and have been recognized as such by the court and counsel of the adverse party, it cannot be said that they are not attorneys of record in the action. (*Livermore* v. *Webb*, 56 Cal. 489; *Roussin* v. *Stewart*, 33 Cal. 208; 2 Enc. Pl. & Prac. 636.)

The cases cited by the respondent in support of his contention show a state of facts different from the one shown in the record in the case at bar, and, in a proper case, would apply.

The respondent also asks us to strike out of the record certain affidavits in support of the motion for new trial, offered under the fourth subdivision of section 3217 of the General Statutes. This motion must prevail. The affidavits are not shown, by the indorsement of the judge or clerk, to have been read or referred to on the hearing of the motion, as required by the express terms of that section, and are, therefore, no part of the record. (Gen. Stats. 3219; *Dean* v. *Pritchard*, 9 Nev. 232; *Albion Con. M. Co.* v. *Richmond M. Co.*, 19 Nev. 225, 8 Pac. 480.)

We do not see how, under the provisions of this act, this requirement could be avoided by incorporating the affidavits in the body of the statement on motion for new trial, as such procedure is unauthorized, and the affidavits were not properly a part of, and could not be properly made a part of, such statement.

We come now to a discussion of the merits made upon the record after the elimination of the affidavits. The action was brought by the respondent to recover a judgment of foreclosure against the defendant Thaddeus L. Hoppin, *et al.*, of a certain mortgage upon real estate in Humboldt county. The mortgage was made and executed by Thaddeus L. Hoppin and Luella V. Hoppin to secure the payment of a certain

note for $10,000, of date January 27, 1891.   The mortgage bears date of January 28, 1891, and was recorded on the 7th day of March, 1894, in Humboldt county.   Luella V. Hoppin was not made a party to the action.   The appellant, the First National Bank of Winnemucca, set up by answer an indebtedness due it, secured by a deed executed as a mortgage upon the same real estate by T. L. Hoppin & Co., a copartnership, claimed to consist of Thaddeus L. and Luella V. Hoppin.

It is also claimed by the answer that the real estate was the property of the copartnership, and that the indebtedness was copartnership indebtedness.   The other defendants to the action, upon their answers, and by the decree of the court, are eliminated from the case.   Upon the trial of the issues made by the complaint and the answer of the appellant, the court decreed a foreclosure of a mortgage of the respondent, and the sale of the mortgaged property to satisfy the mortgage debt, together with interest, attorneys' fees, and costs, as against the interest of the defendant Thaddeus L. Hoppin in and to said lands; and out of any surplus arising from such sale after the payments are made as aforesaid there should be paid to the appellant the amount of its debt, together with interest and costs.   The appellant interposed a motion for a new trial, which was overruled, and from the judgment and decree aforesaid, and the order denying the motion for a new trial, this appeal has been taken.

A number of errors have been assigned for the reversal of the judgment and order.   The statement on motion for a new trial discloses, among other things, that upon the trial of the issues the respondent admitted that Luella V. Hoppin, one of the mortgagors in the respondent's mortgage, and one of the joint and several makers of the note secured thereby, and a member of the copartnership of T. L. Hoppin & Co., had made a deed to the respondent of her entire interest in the mortgaged premises in satisfaction of the mortgage.   It is claimed, and assigned as one of the many errors relied upon by appellant, that, in view of this admission, it was prejudicial error of the court in rendering its decree against the interest of the defendant Thaddeus L. Hoppin for the whole sum due upon the note and mortgage.

We are unable to understand under what theory of the law the trial court disregarded this admission, so broad and far-reaching in its effect. Luella V. Hoppin was not made a party to the action. No judgment was sought against her on the note, or against her interest in the property under the proceedings to foreclose the mortgage.

If the admission in terms were true, then the mortgage was discharged and satisfied, not in part, and as to the interest of said Luella V., but *in toto*, and left the property primarily subject to appellant's mortgage. But if, under a liberal construction of the language used in the statement, it was intended that the conveyance so made should operate only as a discharge and satisfaction of the amount due from Luella V. upon the note and mortgage, then, also, it was error to decree the entire mortgage debt to be a primary lien upon the interest of Thaddeus L. Hoppin as against the appellant's mortgage, as no such sum was due upon the note or the mortgage. While, under section 3037 of the General Statutes, it might be optional with the respondent to make Luella V. Hoppin a party, yet the release of Luella V. Hoppin, shown by the admisson in the statement, operated to release her proportion of the debt. For authority in support of this proposition we need not look beyond the provisions of our statute.

It is expressly provided that any one of two or more joint debtors or parties jointly, or jointly and severally, bound by any contract or judgment, may be released from his, her, or its liability upon such contract or judgment, by the creditor or creditors, and such release shall not operate, nor be held to operate, in law, as a release to the other debtor or debtors upon such contract or judgment, except as to the released debtor's portion of such liability or debt estimated upon the basis of the number of such debtors, but such release shall operate only as a release of all liability of such debtor to the creditor in such contract or judgment, and as a credit upon the same of such proportionate sum as herein provided. There are further provisions of the same act relating to the method of procedure against the parties not released for their proportionate part of the unsatisfied debt. (Gen. Stats. 4931–4933, incl.)

It will thus be seen that under this statute the conveyance by Luella V. Hoppin to the respondent of her interest in the mortgaged premises in satisfaction thereof operated as a release of her proportionate part of the mortgage debt, and a decree of the court by which the interest of Thaddeus L. Hoppin was ordered sold for the payment of the entire mortgage debt is erroneous.

Other questions are argued in support of this appeal involving the rights of the appellant as a creditor of the firm of T. L. Hoppin & Co., one of which presents the question of the primary liability of the mortgaged property for the payment of the appellant's claim as a creditor of said firm as against the rights of the respondent; but we do not deem it necessary to pass upon this question, because of doubt as to the correctness of any conclusion growing out of the unsatisfactory condition of the record.

As such questions will likely be settled satisfactorily upon a retrial of the action, the judgment and order appealed from will be reversed for the error above assigned.

MASSEY, J.:  I concur.

BONNIFIELD, C. J., did not participate.